# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| Ronald Hughes, | ) | |
| --- | --- | --- |
| *Plaintiff*, | ) | |
| v. | ) | Case No: 15 C 50137 |
| Napleton's Holdings, LLC, et al., | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's motion to strike [31] is granted with leave to replead.

## STATEMENT

Plaintiff, Ronald Hughes, has filed a complaint against Napleton's Holding, LLC; Napleton's Auto Werks, Inc.; Napleton Motor Corp.; and Napleton Autowerks Rockford (collectively "defendants") alleging retaliation under ERISA in violation of 29 U.S.C. §§ 1132, 1140 (Count I); failure to pay contributions under ERISA in violation of 29 U.S.C. § 1132 (Count II); breach of the Fair Labor Standards Act in violation of 29 U.S.C. § 206(a) and retaliation in violation of 29 U.S.C. § 215(a)(3) (Count III); violation of Illinois Wage Payment and Collection Act, 820 ILCS 115/14(c) (Count IV); and violation of Illinois Minimum Wage Law, 820 ILCS 105/4(a) (Count V).[1] Before the court is plaintiff's motion to strike fourteen of defendants' sixteen amended affirmative defenses.[2] For the reasons that follow, plaintiff's motion to strike is granted with leave to replead.

## I. BACKGROUND

The following facts are taken from the complaint and are accepted as true for the purposes of this motion. Plaintiff was hired by defendants on June 2009 as a sales consultant. In March 2012, plaintiff was instructed to complete forms for a new employee health insurance. Included in the forms was a union authorization card for the Chemical and Production Workers, Local 30 (CPW). Defendants assured plaintiff that they were "piggybacking" on the union health insurance and that "[plaintiff] would not really be a union member." Plaintiff completed the forms, including the union authorization card, but no dues were taken from his paycheck. Thereafter, plaintiff learned that he was an employee under the collective bargaining agreement between defendants and the CPW.

---

[1] Counts VI and VII have previously been dismissed.

[2] Plaintiff does not move to strike defendants' first and second affirmative defenses at this time.

Pursuant to the collective bargaining agreement, defendants were required to pay 80% of plaintiff's health care premium and $10 per hour of work, which plaintiff contends defendants did not pay. Thereafter, plaintiff contacted the CPW to inform them that dues were not being subtracted from his paycheck.

On September 9, 2013, defendants informed plaintiff that as a result of his telephone call the CPW was terminating defendants' health insurance plans which would cost defendants "millions and millions of dollars." A few days later, defendants informed plaintiff he could no longer work as a Porsche sales manager and could either transfer to a sales consultant position out of the Cadillac showroom, transfer to the Loves Park location, or be terminated. Plaintiff was demoted to a sales consultant position out of the Rockford Cadillac showroom but was not assigned necessary equipment for the position such as a computer or a telephone. Thereafter, plaintiff transferred to the Loves Park showroom but was not given access to a functioning computer or access to his client list. Plaintiff was assigned to sell cars that were not popular, was given unrealistic sales quotas, and did not receive the assistance other salespersons were provided.

On September 30, 2013, defendants began deducting union dues from all employees who were enrolled in their health plan, but did not deduct dues from employees in the bargaining unit not receiving health insurance or those that were in the bargaining unit and receiving health insurance but did not have health insurance premiums deducted from their pay. At this time, union dues were being deducted from plaintiff's paycheck. Plaintiff thereafter contacted the CPW and was advised that he was a member in good standing. Thereafter, plaintiff's weekly salary was reduced from $350 to $250.

In February 2014, plaintiff was diagnosed with cancer and received treatment. In March 2014, plaintiff learned that his health insurance claims were not being paid and that defendants had not been paying his health insurance premiums since September 1, 2013. On March 25, 2014, plaintiff was told that his health insurance benefits had been reinstated.

Plaintiff filed charges against defendants and the CPW with the National Labor Relations Board (NLRB) on April 24, 2014. On September 30, 2014, the NLRB approved a settlement which plaintiff declined to accept. On November 1, 2014, defendants created a new pay plan for plaintiff which reduced his pay from $250 to $100 per week, plus commission and imposed unrealistic sales goals. Plaintiff was required to agree to the new pay plan. Plaintiff refused and was thereafter terminated on November 7, 2014. At all times during his employment, plaintiff asserts he performed his job duties satisfactorily and was the second highest grossing salesperson from December 2011 to August 2013.

## II. LEGAL STANDARD

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are generally disfavored because they can cause delay, but may be warranted when striking portions of a pleading "remove[s] unnecessary clutter from the case," Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989), such as an affirmative defense that "merely raises matters already at issue," Allstate Ins. Co. v. Electrolux Home Prod., Inc., No. 11 C 7494, 2012 WL 1108424, at *1 (N.D. Ill. Apr. 2, 2012). An affirmative defense asserts that even if the allegations

2

of the complaint are true, additional facts excuse the defendant from some or all liability. See Tucker Law Firm, LLC v. Alise, No. 11-CV-1089, 2012 WL 252790, at *7 (N.D. Ill. Jan. 25, 2012); Sloan Valve Co. v. Zurn Indus., Inc., 712 F. Supp. 2d 743, 756 (N.D. Ill. 2010), as corrected (May 6, 2010) ("The concept of an affirmative defense under Rule 8(c) requires a responding party to admit a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability (or perhaps from full liability)."). This court applies a three-part test for examining the sufficiency of an affirmative defense: (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the defendant must set out facts in support that would defeat the complaint sufficient to withstand a Rule 12(b)(6) challenge. Tucker Law Firm, 2012 WL 252790 at *6; see also Renalds v. S.R.G. Rest. Grp., 119 F. Supp. 2d 800, 802-03 (N.D. Ill. 2000).

### III. ANALYSIS

Plaintiff moves to strike fourteen of defendants' sixteen affirmative defenses contending that defendants' amended affirmative defenses are insufficient because they lack factual detail, are pleaded as conclusions of law, are deficient as a matter of law, fail to state a claim, or fail to state the count or counts to which they are intended to apply. For the following reasons, the court grants plaintiff's motion to strike defendants' affirmative defenses with leave to replead.

### A. Third and Tenth Affirmative Defenses

Defendants' third and tenth affirmative defenses state:

Plaintiff's claim is barred, in whole or in part, because Plaintiff was not performing the essential functions of his job in a satisfactory manner. Plaintiff's failure to perform essential functions of his job in a satisfactory manner resulted in his termination of employment that is the subject of his Complaint.

The Complaint and each purported cause of action therein are barred since good cause existed for the termination of Plaintiff's employment. Plaintiff's failure to perform essential functions of his job in a satisfactory manner resulted in his termination of employment that is the subject of his Complaint. Thus, good cause existed for Plaintiff's termination.

Defendants' third and tenth affirmative defenses are insufficient and must be stricken for two reasons. First, defendants have not provided any authority to show that these are recognized affirmative defenses to plaintiff's claims. Second, they are impermissible conclusory allegations that simply state that "plaintiff's failure" led to his termination without alleging what "essential functions" of plaintiff's job were not performed in a "satisfactory manner" or what "good cause existed" for plaintiff's termination. Therefore, defendants' third and tenth affirmative defenses are stricken without prejudice.

### B. Fourth Affirmative Defense

In their fourth affirmative defense, defendants assert:

The Complaint fails to state sufficient facts to support a claim for civil penalties.

Discovery is continuing.

Plaintiff contends that defendants' fourth affirmative defense is a conclusion of law and lacks any factual detail. The court agrees. Defendants' fourth affirmative defense is inadequate because "[w]hile the Federal Rules of Civil Procedure allow liberal notice pleading and do not require a claimant to set out in detail the facts upon which it bases a claim, they do not allow a claimant to merely recite the standard for a 12(b)(6) motion to dismiss, and to thereby abdicate the responsibility of alleging the basic facts demonstrating his entitlement to relief." Renalds, 119 F. Supp. 2d at 803-04. "This type of allegation is not an affirmative defense which adds substance to the litigation; it is clutter." Surface Shields, Inc. v. Poly-Tak Prot. Sys., Inc., 213 F.R.D. 307, 308 (N.D. Ill. 2003). Instead of pleading this affirmative defense, defendants may file a motion to dismiss if they deem it appropriate. Additionally, the defendants failed to explain what they mean by pleading "a claim for civil penalties," or the relevance of "civil penalties" to plaintiff's cause of action. Therefore, defendants' fourth affirmative defense is stricken without prejudice.

## C. Fifth Affirmative Defense

In their fifth affirmative defense, defendants assert that:

> Defendants have complied with all applicable statutes alleged in the complaint by Plaintiff herein and satisfied all provisions and/or requirements thereof in connection with same, such that Plaintiff is barred from recovery pursuant to any such alleged statutory violation or ground for recovery so stated. Plaintiff's failure to perform essential functions of his job in a satisfactory manner resulted in his termination of employment that is the subject of his Complaint, and Plaintiff was paid all amounts due to him from Defendants. Thus, Defendants have complied with all statutory requirements regarding Plaintiff's employment.

Defendants' fifth affirmative defense is insufficient because it simply denies plaintiff's allegations and is therefore not a proper affirmative defense. Defendants' fifth affirmative defense is stricken without prejudice.

## D. Sixth Affirmative Defense

In their sixth affirmative defense, defendants assert that:

> At all times herein relevant, Defendants took all steps reasonably necessary to assure the safety and well being of the employees and business. Plaintiff's failure to perform essential functions of his job in a satisfactory manner resulted in his termination of employment that is the subject of his Complaint. Defendants' actions were reasonable and necessary measures to assure the well being of its employees and Defendants' business.

Plaintiff contends that defendants' sixth affirmative defense is a conclusion of law, lacks any factual detail, and even if true, is not a defense to any of plaintiff's claims. The court agrees and strikes defendants' sixth affirmative defense because it does not provide plaintiff with notice as to what "reasonable and necessary measures" defendants took, and does not indicate why or how these "reasonable and necessary measures" excuse the defendants from some or all liability. Also, defendants fail to provide any authority that it is a recognized affirmative defense to any of plaintiff's

claims. Therefore, defendants' sixth affirmative defense is stricken without prejudice.

### E. Seventh Affirmative Defense

In their seventh affirmative defense, defendants assert that:

> Any actions and/or conduct by Defendants which is alleged to be the cause of any or all of Plaintiff's damages, if any, were undertaken by Defendants in the good faith belief in the validity and legality thereof and in good faith of Defendants in connection with their operations. Plaintiff's failure to perform essential functions of his job in a satisfactory manner resulted in . . . Defendants' good faith termination of [his] employment that is the subject of his Complaint.

Plaintiff contends that defendants' seventh affirmative defense does not state a claim, is a conclusion of law, and lacks any factual detail. The court agrees with plaintiff that this defense should be stricken. First, defendants do not indicate how their "good faith belief" excuses them from some or all liability and second, defendants do not provide any authority that good faith is an appropriate affirmative defense to any of plaintiff's claims, "while good faith is an affirmative defense which must be pleaded by the defendants in a 42 U.S.C. § 1983 action, this is not a § 1983 case." Renalds, 119 F. Supp. 2d at 804. Therefore, defendants' seventh affirmative defense is stricken without prejudice.

### F. Eighth Affirmative Defense

In their eighth affirmative defense, defendants assert that:

> At all times herein relevant, Defendants had in place a reasonable and proper procedure and protocol for reporting of alleged workplace conditions and concerns such as are alleged herein, which, though known to Plaintiff, he failed to use or attempt to comply with. Any potential award of damages to Plaintiff must therefore be reduced, in part or in full, for his failure to do so.

Plaintiff contends that defendants' eighth affirmative defense is a conclusion of law and lacks any factual detail. Defendants have failed to provide any legal authority that supports their assertion that failure to exhaust internal reporting procedures reduces an award of damages. Therefore, this affirmative defense is stricken without prejudice.

### G. Ninth Affirmative Defense

In their ninth affirmative defense, defendants assert that:

> At all material times Plaintiff was an at-will employee whose employment was expressly subject to termination at any time, with or without cause. Plaintiff's failure to perform essential functions of his job in a satisfactory manner resulted in his termination of employment that is the subject of his Complaint. Defendants' actions are consistent with the law of at-will employment.

Defendants' ninth affirmative defense is improper because defendants have failed to provide any legal authority that supports that at-will employment is an affirmative defense to plaintiff's allegations. Nor do defendants designate their ninth affirmative defense to a particular claim. See

5

Fed. R. Civ. P. 8; Tsavaris v. Pfizer, Inc., 310 F.R.D. 678, 682 (S.D. Fla. 2015) ("A court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint."). This is significant because the court is left to speculate. For example, if defendants' ninth affirmative defense is designated to plaintiff's ERISA retaliation claim, it is not a proper affirmative defense. See, e.g., Rao v. Covansys Corp., No. 06 C 5451, 2007 WL 141892, at *3 (N.D. Ill. Jan. 17, 2007) (explaining that at-will employment is not an affirmative defense to a claim of retaliatory discharge); Flasza v. TNT Holland Motor Exp., Inc., 155 F.R.D 612, 614 (N.D. Ill. 1994) (holding that under certain circumstances an at-will employee may not be terminated at any time). Therefore, defendants' ninth affirmative defense is stricken without prejudice.

### H. Eleventh Affirmative Defense

Defendants' eleventh affirmative defense states:

Plaintiff is barred from seeking recovery for damages for wages owed, back pay, front pay, earned but unpaid vacation pay, and any and all other forms of pay and/or benefits because Defendants have paid all monies owed to Plaintiff as required by Illinois and United States law.

Defendants' eleventh affirmative defense is improper and must be stricken for two reasons. First, defendants have not designated which count their eleventh affirmative defense applies to and therefore the court is left guessing. Again, "a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." Tsavaris, 310 F.R.D. at 682. Therefore, even though "payment" is a recognized affirmative defense under Rule 8(c), it is a recognized affirmative defense only as to certain claims and defendants have failed to show how payment is an affirmative defense to, for example, plaintiff's ERISA retaliation claim. See, e.g., United States v. Isthmian Steamship Co., 359 U.S. 314, 318 (1959) (explaining that payment "connotes tender by the debtor with the intention to satisfy the debt"); Black's Law Dictionary (10th ed. 2014) (defining payment as "performance of an obligation by the delivery of money or some other valuable thing accepted in partial or full discharge of the obligation").

Second, as to those claims to which defendants believe the eleventh affirmative defense does apply, it appears that by answering the complaint the defendants have already put these matters in issue and may not raise these matters again as affirmative defenses. See Renalds, 119 F. Supp. 2d at 804. Therefore, defendants' eleventh affirmative defense is stricken without prejudice.

### I. Twelfth Affirmative Defense

Defendants' twelfth affirmative defense states:

Plaintiff's Complaint and each claim alleged therein are barred, in whole or in part, because Defendants have fully performed any and all duties, promises and/or obligations which it may have owed to plaintiff because Plaintiff was paid all amounts due from Defendants.

Defendants' twelfth affirmative defense must be stricken for the same reasons discussed in striking the eleventh affirmative defense. In addition, defendants' twelfth affirmative defense is

improper because it is vague. Defendants do not give the court or plaintiff notice as to what "duties, promises and/or obligations" defendants have "fully performed." See Tsavaris, 310 F.R.D. at 682. Therefore, defendants' twelfth affirmative defense is stricken without prejudice.

### J. Thirteenth Affirmative Defense

In their thirteenth affirmative defense, defendants assert that:

> Plaintiff is barred from recovering all or part of his alleged damages, if any, by reason of failure on the part of Plaintiff to meet his obligation to mitigate such damages. For example, Plaintiff failed to mitigate such damages by failing to utilize Defendants' internal reporting procedure(s), and by not seeking relief from the NLRB first before filing his Complaint. Discovery is continuing.

Plaintiff contends that defendants' thirteenth affirmative defense is a conclusion of law and lacks any factual detail. The court agrees and strikes defendants' thirteenth affirmative defense. While it is titled "failure to mitigate," it nonetheless addresses examples relating to plaintiff's failure to exhaust other means of resolution. Defendants' thirteenth affirmative defense lacks clarity and defendants fail to provide any guidance to this court. Therefore, defendants' thirteenth affirmative defense is stricken without prejudice.

### K. Fourteenth and Fifteenth Affirmative Defenses

Defendants' fourteenth and fifteenth affirmative defenses state:

> If it is determined that plaintiff sustained any damage as alleged in the Complaint, said damage was proximately caused or contributed to by persons other than Defendants. The liability of Defendants and other responsible parties, named or unnamed, should be apportioned according to the relative degree of fault among them, if any, and the liability of Defendants should be reduced accordingly. Discovery is continuing.

> Defendants allege upon information and belief that if held liable to Plaintiff, which liability is expressly denied herein, then the liability of Defendants would be secondary, while other defendants or third parties would be actively and primarily liable for Plaintiff's alleged injuries and damages. Discovery is continuing.

Again, defendants' fourteenth and fifteenth affirmative defenses are improper because they are simply bare-bones conclusory statements that do not indicate what parties are liable or how this liability excuses defendants from some or all liability. In alleging affirmative defenses, defendants have the "responsibility of alleging the basic facts demonstrating [their] entitlement to relief." Renalds, 119 F. Supp. 2d at 804. Also, apportionment of liability and the liability of others, are denials, and defendants have not presented evidence to the court that they are recognized affirmative defenses. See Yash Raj Films (USA) Inc. v. Atl. Video, No. 03 C 7069, 2004 WL 1200184, at *3 (N.D. Ill. May 28, 2004) ("[A]pportionment of fault, is a denial and claim that others are responsible. Matters that clearly are not affirmative defenses should be stricken."). Therefore, defendants' fourteenth and fifteenth affirmative defenses are stricken without prejudice.

## L. Sixteenth Affirmative Defense

In their sixteenth affirmative defense, defendants assert that:

Defendants are informed and believe, and thereon allege, that they presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery and/or investigation indicated they would be appropriate to do so. Discovery is continuing.

Plaintiff contends that defendants' sixteenth affirmative defense is a conclusion of law and lacks any factual detail. Reserving the right to plead additional affirmative defenses at a later time is not a proper affirmative defense. Reis Robotics USA, Inc. v. Concept Indus., Inc., 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006). Therefore, defendants' sixteenth affirmative defense is stricken.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to strike defendants' affirmative defenses is granted. Defendants' are granted leave to replead within 15 days of this order if they can do so pursuant to their obligations under Rule 11 of the Federal Rules of Civil Procedures.[3]

Date: 11/9/2016

ENTER:

_____

FREDERICK J. KAPALA

District Judge

---

[3] If defendants decide to replead their affirmative defenses, they should do so properly, in compliance with the precedent of this Circuit, and without repeating allegations that are superfluous to their affirmative defenses such as they do, inter alia, in their third, fifth, sixth, and ninth affirmative defenses by contending that "[P]laintiff's failure to perform essential functions of his job in a satisfactory manner resulted in his termination of employment that is the subject of his Complaint." This claim had already been put in issue by defendants' denial of paragraph fourteen. Defendants must also ensure that their affirmative defenses are not vague and ambiguous and that they are directed to a particular count, allegation, or legal basis of the complaint. Tsavaris, 310 F.R.D. at 682.